312

In the Matter of the Claim of PASQUALE CIAVARRO, Respondent, *v.* DESPATCH SHOPS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of ROCCO DELFINO, Respondent, *v.* DESPATCH SHOPS, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of ANTHONY FIANDACH, Respondent, *v.* DESPATCH SHOPS, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1964.

*Coyle, Marks & Jordan* (*William M. Marks* of counsel), for appellants.

*Nicholas Morabito* for Pasquale Ciavarro and another, claimants-respondents.

*Samuel Fiandach* for Anthony Fiandach, claimant-respondent.

*Albert P. Thill* for Liberty Mutual Insurance Company, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

TAYLOR, J. These three appeals from awards for permanent hearing losses in which the material facts are not in dispute basically involve identical questions of law. For many decades

prior to October 17, 1955, appellant, Despatch Shops, Inc., was engaged in constructing railroad freight cars and other railway equipment in its plant located at East Rochester, New York. On that date the New York Central Railroad Company, an interstate railroad not liable for payment of compensation under the Workmen's Compensation Law of New York, became the owner of the plant and has since continued to operate it for the same purposes. Claimants were exposed to industrial noise throughout their respective periods of employment ranging roughly from 20 to 40 years, all but the last few of which were spent in the service of appellant employer. Each filed a claim for occupational hearing loss in the late 1940s which was held in abeyance until he had retired from the employ of the railroad company. Following initial disallowance a majority of the full board upon reconsideration of the claims fixed the date of disablement as October 17, 1955, made the schedule awards here challenged and charged appellant, Despatch Shops, Inc., and its then carrier with liability for their payment.

In 1958 the Legislature added article 3-A to the Workmen's Compensation Law (L. 1958, ch. 974, § 3, eff. July 1, 1958) governing the compensability of claims for occupational loss of hearing. Section 49-bb thereof provides in part: " Notwithstanding any other inconsistent provisions of this chapter compensation for occupational loss of hearing shall become due and payable six months after separation from work for the last employer in whose employment the employee was at any time during such employment exposed to harmful noise, and the last day of such period of separation from work shall be the date of disablement."

Appellants argue that the new section is remedial in purpose and should be applied retroactively to these and other pending claims for occupational hearing losses. In *Matter of McGoldrick* v. *New York Post* (20 A D 2d 595) we construed the amendment as dealing with the substantive issue of the date of disablement and as not designed merely to accomplish a procedural change extending the time for the filing of an otherwise late claim and for those reasons held that the statute was intended to operate prospectively. We perceive no distinguishing features in these cases which would compel a contrary view of the Legislature's intent.

Nor can it be successfully urged that our earlier decisions in *Matter of Lumsden* v. *Despatch Shops* (5 A D 2d 242) and *Matter of Grano* v. *Despatch Shops* (7 A D 2d 6) were intended to formulate procedures to be followed in hearing loss claims similar to those provided by the statute as now constituted.

Each of those cases involved a controversy between two insurance carriers and the date of disablement was material only to the question of coverage. In *Matter of Lumsden* we simply found justification in the record for the board's acceptance of medical proof that it was infeasible to ascertain the extent of hearing damage due to exposure to noise until the employee had been removed from the harmful environment for a period of six months as against a circumstance indicating earlier disablement urged as the basis for charging a prior carrier on the risk with liability for the payment of the award. An identical issue of carrier responsibility was presented in *Matter of Grano* and our decision there was likewise based upon the holding that substantial evidence supported the board's decision.

Appellants do not disagree that the rule enunciated in *Matter of Hamilton* v. *Healy Co.* (14 A D 2d 364) requires the holding in these cases that the last employer subject to its jurisdiction from whom compensation was recoverable was Despatch Shops, Inc. They urge, however, a re-examination of our construction of the term " employer " as used in section 44 of the Workmen's Compensation Law upon the rationale that claimants' continuance in noisy employment after October 17, 1955 prevented an accurate appraisal of their hearing impairments on that date thus prejudicing the defense of the claims, constituted a deliberate election on their part to abandon the right to compensation and should be deemed to preclude the advancement of the contention that Despatch Shops, Inc., was the last employer within the purview of the section. We find nothing in the statute supportive of this concept of the Legislature's purpose.

We cannot uphold the contention that the date of disablement fixed by the board lacks substantial support in the record. Section 42 of the Workmen's Compensation Law, which is applicable here, provides that the date of disablement shall be such date as the board may determine and thus invokes its fact-finding power which, subject only to the substantial evidence rule, may be exercised with considerable latitude. (*Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603.) It is true that claimants were not economically disabled on the date selected since they continued to work. But the board, in our view, could find with supportive medical evidence that they were then suffering from substantial permanent hearing impairments occupationally caused. Moreover, in the circumstance of the take-over of the plant by an employer not amenable to the provisions of the Workmen's Compensation Law the holding contended for by appellants would deprive claimants of any remedy, a result which we think the Legislature did not con-

template. (*Matter of Slawinski* v. *Williams & Co.*, 298 N. Y. 546, mot. for rearg. den. 298 N. Y. 634.)

As we have noted claimants were in the employ of Despatch Shops, Inc., on the date of disablement and for many prior years. In these circumstances appellant carrier was properly charged with liability for payment of the awards and apportionment of the risk between it and an antecedent carrier was not required. (*Matter of Lumsden, supra.*) *Matter of Miller* v. *National Cabinet Co.* (8 A D 2d 281, 284, revd. on other grounds 8 N Y 2d 277) is not to the contrary.

Appellants' contentions that the claims are barred by the provisions of sections 28 and 40 of the Workmen's Compensation Law which are grounded on a predicate antithetical to our holding that the date of disablement was permissibly fixed must be deemed insubstantial. Nor do we find any impropriety in the board's refusal to keep a prior carrier on the risk and the railroad company on notice or to continue them as parties to the proceedings after the liability of appellants for the industrial disabilities suffered by claimants had been decisionally established.

A study made in 1948 revealed that occupational deafness as it occurs at Despatch Shops, Inc., is fundamentally a nerve deafness produced by long exposure to loud noises and manifests itself initially by temporary acoustic fatigue due to over-stimulation of the auditory nerves which long-continued exposure transforms into the condition of permanent nerve degeneracy. Several years before the date of disablement a diagnosis of occupationally caused bilateral nerve deafness was made in the case of each claimant. There is medical evidence in the respective records which the board could accept and which we regard as substantial that the claimants' hearing impairments had progressed to the point of significant irreversibility before October 17, 1955. In evaluating the extent of the bilateral deafness the board made allowances for losses due to advancing age and the temporary effects of the noisy environment and found percentages of hearing losses lower than those disclosed by audiometric tests conducted prior to that date. In the peculiar circumstances here presented we perceive no reason to disturb its findings.

The decisions should be affirmed, with one bill of costs to respondents filing briefs.

HERLIHY, J. P., REYNOLDS, AULISI and HAMM, JJ., concur.

Decisions affirmed, with one bill of costs to respondents filing briefs.